UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRITTANY COLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-00159-RLY-DKL |
| | ) |
| METROPOLITAN SCHOOL DISTRICT OF WAYNE TOWNSHIP, | ) |
| DAN WILSON, | ) |
| WAYNE TOWNSHIP SCHOOL BOARD, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Brittany Coley brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated her due process rights by allowing her child to be interrogated by law enforcement officers during the school day outside her presence. She sues the Metropolitan School District of Wayne Township, Principal Dan Wilson, and the Wayne Township School Board. The defendants move for summary judgment and the plaintiff has responded. For the following reasons, the defendants' motion for summary judgment [dkt 20] is **granted**.

**I. Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the

fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The Seventh Circuit has stated summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)(quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)) (other citations omitted); *see also Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898.

## II. Facts

The following statement of undisputed material facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Coley as the non-moving party with respect to

the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

On or around the week of December 11, 2014, a prosecutor from Marion County Prosecutor's Office visited the Lynhurst 7th & 8th Grade Center ("Lynhurst") in the Metropolitan School District of Wayne Township ("Wayne Township"). The prosecutor asked Defendant Dan Wilson, the principal of Lynhurst, to speak to Coley's child, D.C., about a report of child abuse or neglect that had been made against the Coley. The prosecutor did not show Principal Wilson any court order, but explained that because of current concerns about the safety of the children, it was important to speak to D.C. promptly. The prosecutor asked Principal Wilson not to inform the Coley that he was asking to speak with her child because of concerns that Coley would coach D.C. to provide inaccurate information about potential abuse or neglect by Coley.[1] Coley alleges the complaint that gave rise to the prosecutor's investigation was not substantiated.

Principal Wilson had D.C. taken out of class to speak to the prosecutor and provided a room where they could speak in private. D.C. chose not to provide any information to the prosecutor. D.C. immediately returned to class. D.C. was out of class for only a few minutes.

At the time the prosecutor was allowed to talk to D.C., Wayne Township had a policy entitled Questioning and Searches of Students and Student Property that was adopted by the Wayne Township School Board.

The policy states:

---

[1] Coley objects to the presentation of these facts as inadmissible hearsay. But these statements, provided in the affidavit of defendant Dan Wilson, provide the reasons Mr. Wilson proceeded as alleged in the complaint and are not submitted for their truth These statements therefore are not hearsay, and even if they were, are admissible as statements regarding Wilson's then-existing state of mind under Rule 803 of the *Federal Rules of Evidence*. Further, Coley has provided no evidence to contest this version of the facts. Whether or not, as she argues, the investigation at issue was unsubstantiated, she has submitted no evidence regarding the school's role in the investigation other than the facts discussed here.

> A properly identified CPS worker or law enforcement officer investigating suspected abuse or neglect shall be permitted to question and examine a student at school without notice by the school administration to the student's parent/guardian. A private place at school shall be provided for this interview. District employees shall not participate in the interview or examination unless requested by the CPS worker or law enforcement officer.

Principal Wilson acted in accordance with this policy when he allowed the Prosecutor to talk with D.C. on or about December 11, 2014.

### III. Discussion

The defendants move for summary judgment arguing that Coley's due process rights were not violated. Specifically, the defendants argue that the principal's allowing the prosecutor to speak to the student about suspected abuse or neglect did not violate Coley's substantive due process rights. The Supreme Court has long recognized the constitutional importance of a parent's right to bring up his or her child as he or she sees fit. *United States v. Hollingsworth*, 495 F.3d 795, 801 (7th Cir. 2007) (citing *Troxel v. Granville*, 530 U.S. 57, 65, (2000); *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)). Nevertheless, the government's intrusion into the protected sphere of familial relations violates substantive due process only if 'the Due Process Clause would not countenance it even were it accompanied by full procedural protection.'" *Hollingsworth*, 495 F.3d at 801 (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)); *see also Hanson v. Dane Cty.*, 608 F.3d 335, 338 (7th Cir. 2010). "Courts determine whether the government has violated an individual's right to familial relations by balancing the individual's and the state's competing interests." *Id.* (citing *Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003); *Griffin v. Strong*, 983 F.2d 1544, 1547 (10th Cir. 1993)).

Here, it is undisputed that the prosecutor requested to speak with D.C. at school to investigate possible child abuse or neglect. D.C. was taken out of class for a brief period, no more

4

than a few minutes, did not provide the prosecutor with any information, and returned to class. The law is clear that in these circumstances, the state's interest in investigating possible abuse supersedes a minimal intrusion into familial relations. This brief interaction therefore did not violate Coley's due process rights. *See Hollingsworth*, 495 F.3d at 802 ("When a parent sends her child to school, she delegates some of her parenting responsibilities to school officials. Though she does not consent to overzealous investigators interrogating her child over the principal's objection . . . she should reasonably expect that school officials will speak with her child if the child raises serious concerns about her home life."); *see also Nicholson v. Scoppetta*, 344 F.3d 154, 172 (2d Cir. 2003).

Because Coley's due process rights were not violated, the defendants are entitled to summary judgment on all of Coley's claims.[2]

## IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment [dkt 20] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   3/30/2016

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

---

[2] The defendants go on to argue that the school policy in place here is constitutional and that Wayne Township cannot be held liable regardless of the Wilson's liability. Because the plaintiff's claim is based on this single interaction and because the court has found that Coley's rights were not violated, it need not reach these arguments.

Distribution:

BRITTANY COLEY
PO Box 88703
Indianapolis, IN 46208

All electronically registered counsel